**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

---

BASF CORPORATION,

                Plaintiff,

      v.

XTREME PRECISION AUTO COLLISION, LLC,

                Defendant.

---

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendant Xtreme Precision Auto Collision, LLC ("Xtreme Precision"), alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Xtreme Precision is a limited liability company organized and existing under the laws of the State of Florida, with a principal place of business of 4310 W. South Avenue, Tampa, Florida 33614 on file with the Florida Division of Corporations.

3. Xtreme Precision's registered agent and manager on file with the Florida Division of Corporations is Jose A. Sepulveda a/k/a Jesus Sepulveda ("Sepulveda"), with a service address of 4310 W. South Avenue, Tampa, Florida 33614.

4. Based on BASF's business dealings with Xtreme Precision and its filings with the Florida Division of Corporations, Xtreme Precision's authorized members are Sepulveda and Jesus E. Galiano, both of whom are citizens of the State of Florida.

5. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

6. Xtreme Precision is an autobody shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

7.     The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Xtreme Precision, as a limited liability company whose members are citizens of the State of Florida, is a citizen of the State of Florida.  Xtreme Precision is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in the State of Florida.

8.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Xtreme Precision is subject to the personal jurisdiction in this District.

9.     Michigan substantive law governs BASF's claims per Paragraph 7 of the Requirements Agreement.

## GENERAL ALLEGATIONS

10.     On or about May 1, 2022, BASF and Xtreme Precision entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

11.    Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Xtreme Precision was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $877,349.00 in the aggregate of BASF Glasurit and RM brand products, at suggested refinish pricing ("Minimum Purchases").

12.    Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Xtreme Precision $100,000.00 ("New Consideration") in consideration of Xtreme Precision satisfying its obligations under the Requirements Agreement. Xtreme Precision also agreed to assume liability under the Requirements Agreement for consideration of $19,380.00 that remained unearned under the parties' prior agreements ("Previous Consideration," and together with New Consideration, "Contract Fulfillment Consideration" of $119,380.00).

13.    Pursuant to Paragraph 4 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Xtreme Precision fulfilling its Minimum Purchases requirement, Xtreme Precision was required to refund the Contract Fulfillment Consideration to BASF in accordance with the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchases | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchases | 95% |

4

| Less than 3/5 and greater than 2/5 of Minimum Purchases | 75% |
|---|---|
| Less than 4/5 and greater than 3/5 of Minimum Purchases | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchases | 35% |
| After 5/5 of Minimum Purchases | 0% |

### *Xtreme Precision's Breach of the Requirements Agreement*

14.     In or about February 2025, Xtreme Precision, without any legal justification, breached and ultimately terminated the Requirements Agreement by, among other things, ceasing to purchase BASF Refinish Products prior to fulfilling its $877,349.00 Minimum Purchases requirement and instead switching to purchasing Refinish Products from one of BASF's competitors, and then failing and refusing to refund the Contract Fulfillment Consideration to BASF.

15.     At the time of Xtreme Precision's breach and termination of the Requirements Agreement, Xtreme Precision had purchased only approximately $590,510.00 in BASF Refinish Products, leaving a purchase balance due and owing of $286,839.00.

16.     Xtreme Precision's $590,510.00 in purchases of BASF Refinish Products at the time it breached and terminated the Requirements Agreement constituted less than four-fifths and greater than three-fifths of the Minimum Purchases requirement, triggering an obligation to refund 55% of the Contract Fulfillment Consideration ($65,659.00) to BASF.

17. In violation of Paragraph 4 of the Requirements Agreement, Xtreme Precision has failed and refused to refund BASF 55% of the Contract Fulfillment Consideration, which is $65,659.00.

18. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

19. By letter dated September 22, 2025, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Xtreme Precision notice that it was in default of its contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF notified Xtreme Precision that it would seek additional damages that it is entitled to if the matter progressed to litigation.

20. Despite the foregoing, Xtreme Precision has failed to satisfy its obligations under the terms of the Requirements Agreement.

<u>**COUNT I**</u>
**Breach of Contract**

21. BASF incorporates by reference the allegations contained in Paragraphs 1–6, 7–9, 10–13, and 14–20.

22. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Xtreme Precision was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $877,349.00 of

Refinish Products in the aggregate with BASF Glasurit and RM brand products in the aggregate, at suggested refinish pricing.

23. Despite Xtreme Precision's obligations under the Requirements Agreement and in breach thereof, Xtreme Precision failed to meet the Minimum Purchases requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

24. A purchase balance of at least $286,839.00 remains outstanding under the terms of the Requirements Agreement.

25. Because of Xtreme Precision's breach without legal excuse, and pursuant to Paragraph 4 of the Requirements Agreement, Xtreme Precision is obligated to refund 55% of the $119,380.00 Contract Fulfillment Consideration to BASF, which is $65,659.00.

26. As of the date of the filing of this Complaint, as a direct and proximate result of Xtreme Precision's breach, Xtreme Precision has damaged BASF under the Requirements Agreement as follows:

a. $65,659.00 for 55% of the Contract Fulfillment Consideration; and

b. $286,839.00 for the remaining balance of the Minimum Purchases requirement.

27.     BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement.  Nevertheless, Xtreme Precision's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

28.     As a direct and proximate result of Xtreme Precision's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $352,498.00.

**WHEREFORE**, BASF demands judgment against Xtreme Precision, awarding an amount to be determined at trial but not less than $352,498.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## <u>COUNT II</u>
### Unjust Enrichment

29.     BASF incorporates by reference the allegations contained in Paragraphs 1–9 and 12.

30.     Through BASF's business relationship with Xtreme Precision, Xtreme Precision received the benefit of the $119,380.00 Contract Fulfillment Consideration in anticipation of the parties' continued business relationship.

31.     Xtreme Precision prematurely terminated the parties' business relationship but Xtreme Precision has failed to return the $119,380.00 Contract Fulfillment to BASF.

32. BASF expected return of the Contract Fulfillment Consideration from Xtreme Precision. Xtreme Precision's failure to return the Contract Fulfillment Consideration to BASF has unjustly enriched Xtreme Precision.

33. Permitting Xtreme Precision to retain the $119,380.00 benefit of the Contract Fulfillment Consideration when Xtreme Precision prematurely terminated its business relationship with BASF would be unequitable and unjust to BASF.

34. By reason of the foregoing, Xtreme Precision has been unjustly enriched by $119,380.00 for which BASF is entitled to be compensated in full by Xtreme Precision together with interest thereon.

**WHEREFORE**, BASF demands judgment against Xtreme Precision awarding an amount to be determined at trial but not less than $119,380.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT III
### Declaratory Relief

35. BASF incorporates by reference the allegations contained in Paragraphs 1–34.

36. BASF requests a judicial declaration of BASF's and Xtreme Precision's respective rights under the Requirements Agreement.

9

37.    An actual dispute and justiciable controversy presently exists between BASF and Xtreme Precision concerning their rights and obligations under the Requirements Agreement.  Xtreme Precision contends that it has not breached the Requirements Agreement.  BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Xtreme Precision is in breach of the Requirements Agreement.

38.    A judicial declaration is necessary to establish BASF's and Xtreme Precision's rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

39.    BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Xtreme Precision as follows:

a.    Awarding BASF monetary damages in an amount to be determined at trial, but not less than $352,498.00, together with prejudgment interest;

b.    Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

c.    Awarding BASF all costs and fees of this action as permitted by law; and

       d.     Awarding BASF such other and further relief as this Court deems just and proper.

Dated:  March 20, 2026

CARLTON FIELDS, P.A.

By:    */s/ Daniel C. Johnson*
       Daniel C. Johnson
       Lead Counsel
       Florida Bar No. 522880
       djohnson@carltonfields.com
       200 S. Orange Avenue, Suite 1000
       Orlando, Florida 32801-3456
       Tel:  (407) 244-8237
       Fax:  (407) 648-9099